105 So.2d 687

**Homer KELLEY**

v.

**STATE.**

5 Div. 522.

Court of Appeals of Alabama.

Aug. 19, 1958.

Rehearing Denied Sept. 9, 1958.

Geo. P. Howard, Wetumpka, for appellant.

John Patterson, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been convicted of buying, selling, having in possession, etc., prohibited liquors, in violation of Title 29, Section 98, Code of Alabama 1940.

Sometime prior to trial the appellant filed a motion to suppress the evidence in connection with this case in that it was obtained by means of an illegal search of the private dwelling of the appellant, the search being made without a search warrant.

This motion will be adverted to later.

The evidence presented by the State tends to show that Jack Benton, an Alcoholic Beverage Control Board Enforcement Officer, stopped his automobile in the public road in front of appellant's home. Appellant emerged from his home in response to Benton sounding the horn of his car. Benton asked appellant if he had any whiskey like he had the previous week, and appellant replied "yes." Benton said he wanted a pint of white whiskey and a pint of red whiskey. The appellant went back into his house, got a funnel, and proceeded across the road. He stopped at two places, and returned with two pints of whiskey as per order. Benton paid appellant $4.50 for the whiskey, and then placed him under arrest.

For the defense appellant's wife testified that Benton had driven his automobile within the yard of appellant's home, rather than stopping in the public road in front.

This conflict in the evidence does not in our opinion affect the ultimate disposition of this case.

Clearly the evidence presented by the State was amply sufficient to support the verdict and judgment of guilty.

In connection with the motion to suppress the evidence, the record shows that it was overruled by the court without a hearing, and, in fact, the judgment recites that appellant's request to take evidence on the motion had been denied, and the motion overruled.

Counsel for appellant directs most of his argument toward the court's refusal to take evidence on his motion, and relies largely upon Green v. State, 38 Ala.App. 189, 79 So.2d 555, 557.

In the Green case we said:

"A motion to suppress evidence has heretofore been a stranger to our jurisprudence for the reason that illegally obtained evidence is admissible under the doctrines of our cases. * * *

"However, by Act approved September 12, 1951, Section 210, Title 29, Code of Alabama, 1940, Pocket Part, the statute relating to the issuance of search warrants for seizure of prohibited liquors was amended by adding the following provisions:

" 'No evidence obtained by means of an illegal search of a private dwelling of any person shall be admissible in any court in the prosecution of any person for violating any of the provisions of this title. * * *'

*     *     *     *     *     *

"It would appear therefore that Section 210, supra, would, to the limited conditions of such section, that is, a search of a private dwelling for prohibited liquors, serve as a basis for the introduction and use of a motion to suppress evidence in our procedure."

In brief appellant's counsel takes the position that he was entitled as a matter of right to a hearing on his motion to suppress, irrespective of the evidence which was relied upon by the State, that is to say, regardless of the fact that there was a complete absence of evidence of a search of appellant's premises.

Appellant's contention is without merit in this respect. We did not hold in the Green case, supra, that an accused, in any and all events, would be entitled to a preliminary hearing on a motion to suppress. In fact we undertook no prescription of the quo modo which might, or ought, to be pursued in reference to such a motion. In

the Green case, supra, in which the motion to suppress was preliminary, and was denied, we held such motion was properly denied.

As we interpret the argument of appellant's counsel, he contends that since there was some evidence tending to show that the officer was within the curtilage of appellant's dwelling house, and he had gone there in search of whiskey, therefore an illegal search possibly resulted, when the whiskey was obtained by subterfuge and trickery, for, as counsel asks in brief: "Did the fact that it was found by trickery, subterfuge, and deception prevent it from being a search? Surely not!"

Appellant's able, industrious, and ingenious counsel would create a sort of constructive search from what he considers the unfair conduct of the officer. Such metaphysical basis for constructing a search cannot displace the practicalities required in the every day administration of law.

Even had the officer been within the curtilage of appellant's home, we do not see how this could affect the fact that the whiskey was produced by the appellant himself, without any invasion, force, or exploration by Benton.

A search implies a probing into secret places for that which is hidden, People v. Exum, 382 Ill. 204, 47 N.E.2d 56; it implies force, actual or constructive, Combest v. State, 32 Okl.Cr. 47, 239 P. 936; or a forcible dispossession of the property of the owner by exploratory acts.

A mere observation of that which is in full view is not a search. See innumerable authorities cited in 38 Words and Phrases, Search, p. 401.

So far as shown by the evidence presented by the State there is not a scintilla of evidence tending to show a search by Benton for the prohibited liquor. It was produced by the appellant himself from caches across the highway from his home.

The motion to suppress filed by the appellant was not sworn to. No supporting affidavits accompanied it.

As stated in 37 Am.Jur. "Motions, Rules, and Orders," Section 14, "Motions for a rule or order affecting substantial rights ought regularly to be accompanied by an affidavit verifying the facts on which they are grounded, and when not so supported, they will not in general be entertained by the court for affirmative action."

Under all the circumstances of this case we are unwilling to cast error upon the lower court for refusing to hear evidence on the motion to suppress, as filed, and in denying the motion.

At the outset of Benton's testimony, he being the first witness for the State, counsel moved that he be allowed to introduce evidence showing that the evidence to be offered through Benton was obtained by an illegal search.

The court's ruling was "Overruled at this time."

The order of proof rests in the discretion of the trial court. See 18 Ala. Dig.Trial, ☞60(1), for authorities. The court did not abuse its discretion in refusing to permit the introduction of the State's evidence in the usual and regular order. Its ruling was conditional, and did not preclude the defense from presenting such evidence during its case in main.

No evidence tending to show that there was an illegal search was presented by the defense, though the appellant's wife, who had been in the home the entire time, and who had seen Benton drive up, and had looked out and observed Benton and appellant in the car, and later saw them drive away, did not, in her testimony, state anything concerning any search by Benton.

Certainly full opportunity was present during the examination of this witness for the defense to have presented evidence tending to show an illegal search. The court's ruling had not precluded such effort. Having failed to present such evidence,

the appellant is in no position to complain of the court's earlier, conditional ruling.

Appellant's requested charges were properly refused.

Requested charges 1 and 2 were misleading.

Requested charge 4 was misleading and argumentative.

Requested charges 5, through and including 27, were affirmative in nature and properly refused under the developed evidence.

Charges 28, 29, A, and B were abstract.

Charges 35 and 36 were incorrect statements of legal principles relating to searches.

Charge 38 was not hypothesized upon the evidence, and was faulty in other respects.

Affirmed.