207 So.2d 125

James W. **YEAGER**

v.

**STATE of Alabama.**

l Div. 489.

Supreme Court of Alabama.

Dec. 7, 1967.

Rehearing Denied Feb. 8, 1968.

MacDonald Gallion, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for petitioner.

Thos. M. Haas and John Coleman, Mobile, opposed.

MERRILL, Justice.

The defendant, James W. Yeager, was convicted of transporting prohibited liquors in quantities of five gallons or more, under Tit. 29, § 187, Code 1940, and was sentenced to two years in the penitentiary. The Court of Appeals reversed and we granted certiorari.

The Court of Appeals held that evidence was sufficient to show that whiskey was in gallon jugs in the automobile in sufficient quantity to violate the statute, and that it was being transported, but that this evidence should have been suppressed on the ground that it "was seized through an illegal search and seizure."

The facts appear in more detail in the opinion of the Court of Appeals, but we think the following is a fair condensation: Some three or four days before the arrest, the witness, an agent of the Alcoholic Beverage Control Board, had seen the automobile near a "bootleg joint." The rear seat had been removed and he could smell a strong odor of moonshine whiskey from the vehicle. On the day of the arrest, the witness and another ABC agent saw this same automobile being backed into a garage in Mobile. The defendant got out of the car and closed the garage door. Some minutes later, the defendant raised the garage door and drove the car away. The two agents followed in their car and as defendant stopped his car at a traffic light, the agents pulled up beside him. From their car they could not see anything unusual. But the witness got out of his car and went over to the defendant's car and saw gallon jugs in it. The defendant was told to step out of his car. He did so and told the agents that he had a pistol in his right front pocket and he asked them to remove it. One of the agents took the pistol and they also found fifty gallons of moonshine whiskey in the jugs. They "put the defendant under arrest for carrying a concealed weapon," then drove the car into a service station parking lot and checked the contents of the jugs in the back seat. They determined that the jugs contained illicit whiskey and there was no evidence that any tax had been paid on it. They carried the defendant to the city jail and booked him.

The opinion of the Court of Appeals cites no authority for its holding that the evidence of the presence of the illegal whiskey in the automobile was the result of an illegal search and seizure.

In Williams v. State, 43 Ala.App. 343, 190 So.2d 556, the arresting officers saw the defendant driving a pickup truck with a television set on it. They arrested him on another charge and then charged him with the larceny of the $250 television set. The court said:

"In Kelley v. State, 39 Ala.App. 572, 105 So.2d 687, this court, per Harwood, P. J., remarked, inter alia:

"'A mere observation of that which is in full view is not a search. * * *'

"From Smith v. State, 41 Ala.App. 528, 138 So.2d 474, we extract:

"'* * * A search implies a probing into secret places for that which is hidden; it implies force, actual or constructive; or a forceable dispossession of the property of the one by exploratory acts. Kelley v. State, 39 Ala.App. 572, 105 So.2d 687.'

"A similar factual situation was presented in Thompson v. State, 41 Ala.App. 353, 132 So.2d 386. We refused to exclude evidence. The evidence in question was whiskey in two five gallon 'jacket cans.' Thompson's car trunk lid was open and burlap bags (tow, or crocus sacks) only partly obscured one of the cans.

"Here, no covering material kept the television set out of sight.

"We hold this seizure involved no illegal search."

In Sheridan v. State, 43 Ala.App. 239, 187 So.2d 294, where the arresting officers came upon defendant asleep in his car parked beside a paved roadway and by flashlight saw a pistol on the front seat about where the defendant's head would have been when he was asleep, it was said:

"We consider that the search of the defendant at the roadside park was lawful. The pistol lay in the car exposed to plain view, though the lack of daylight required the officer to use a flashlight."

In Richardson v. United States, 5 Cir., 360 F.2d 366, where a lid of a car trunk had been left up, and there were exposed to plain view forty-eight one-gallon glass jugs full of whiskey bearing no tax stamps, the court said: "Moreover, there was nothing unreasonable about observing the whiskey which was plainly visible to the naked eye and thereafter seizing it." (Citing cases).

In Patenotte v. United States, 5 Cir., 266 F.2d 647, where the search was held to be lawful and its fruits admissible, the court said:

"The general standard of reasonableness of search of an automobile or truck without a warrant is one of 'probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction * * *.' Carroll v. United States, supra, 267 U.S. [132], at page 149, 45 S.Ct. [280], at page 283, [69 L.Ed. 543].

" 'Probable cause' does not mean that the officers must possess enough evidence in admissible form to convict the person whom they arrest or search. (Citations omitted). The cases have discussed at least five factors, for example, which may be considered by the officers in establishing probable cause for a search: (1) the reputation of, or informant's reports concerning, the occupants, (2) a like reputation of the vehicle or owners, (3) the condition of the vehicle (e. g., heavily loaded), (4) information from reputable informers as to the existence and illegal purpose of the trip, and (5) the reputation of the location in which they are found." (Citations omitted).

The facts, information and circumstances within the knowledge of the arresting officers need not amount to evidence which would suffice to convict; but the quantum of information which constitutes probable cause—evidence which would warrant a man of reasonable caution in the belief that a felony had been committed—must be measured by the facts of the particular case. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

Based upon the authorities cited supra, we are convinced that, under the facts of this case, there was no illegal search and seizure, that the evidence was admissible and adequately supported the conviction of the defendant.

We note that a different and stricter rule applies to private dwellings, Tit. 29, § 210, Code 1940, as amended, but that section is not applicable here. See Carroll v. United States, supra, for a discussion of the difference between a search for contraband in a store or dwelling and a ship, automobile or other vehicle.

The judgment of the Court of Appeals is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.

COLEMAN and HARWOOD, JJ., dissent.