248 So.2d 758

William JENKINS

v.

STATE.

8 Div. 79.

Court of Criminal Appeals of Alabama.

June 1, 1971.

J. A. Dardess, Sheffield, for appellant.

**720**

MacDonald Gallion, Atty. Gen. and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

Possession of marijuana: sentence, three years.

This appeal turns on the validity of a seizure of growing marijuana plants along with some harvested leaves and seeds in a private dwelling house.

The officers seized the marijuana November 24, 1969. They were armed with a search warrant, the affidavit for which failed to meet the "recency" requirement of Davis v. State, 286 Ala. 117, 237 So.2d 640 (7). The trial judge sustained the defense on this point. Dean v. State, 46 Ala.App. 365, 242 So.2d 411.

Additionally, however, before knocking Jenkins's door open one of the officers had peered through "a window or glass on the left side of the door." There he descried what "appeared to be marijuana." On cross he said, "I couldn't say it was, but I thought it was." (R. 9)

The State made no showing that either of the officers who testified were qualified as experts in identifying marijuana. On cross, witness Townsend testified that at the time he looked in Jenkins's window he had never before seen growing marijuana.

 The trial judge opined that the plain view doctrine justified the seizure.

Two points stand in the way of this conclusion: *first,* no one was in the house to destroy the evidence; and, *second,* the lack of expertise in identification kept the officer from establishing probable cause. Either of these points renders the seizure unreasonable.

A warrantless search of a dwelling house not consented to is prima facie unreasonable, i. e., the State has the burden of demonstrating that the seizure was either (1) incident to a lawful arrest or (2) under an exigency such as preventing escape or destruction of evidence or harm to life or limb. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59; Mc-

Curdy v. State, 42 Ala.App. 646, 176 So.2d 53. This burden the State did not meet.

There was nothing to show that one or more officers could not have been left at the house while another went for a search warrant based on the observation of the suspected plants as verified by known pictures of growing marijuana.

In McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153, an officer stood on a chair looked through a transom and saw McDonald and another in a closed room with numbers slips, money on the table and an adding machine. The arrest without a warrant was held void and a motion to suppress was granted.

In People v. Superior Court of Merced County, 264 Cal.App.2d 165, 70 Cal.Rptr. 362, the first officer to see a suspicious plant through a window returned two days later with an experienced narcotics agent The opinion states in part:

"The officers parked in front of the Gaffney residence and looked through a corner bedroom window where they could see a small gray bowl with some small green plants in it. The window was approximately 50 feet from the curb, and Walley could not identify the plants from that distance. There was no path in front of the window, but it was a worn area. The window was approximately 10 to 12 feet from the front door. Agent Walley got out of the car and walking up very close to the window peered at the plants. Walley testified that at that time he physically identified the plants as '*possibly*' marijuana."

The appellate court sustained the trial judge's order of suppression because there had been time to get a search warrant.

 Things seen through a window can be within plain view. However, seizure from a dwelling house (unlike from a motor car—Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067) must be under warrant or incident to an arrest or in an emergency. Moreover, the plain

view doctrine requires that the officers be rightfully in the spot from which they view. Harris v. United States, supra; United States v. Molkenbur, 8 Cir., 430 F. 2d 563 at 566; Ingram v. State, 45 Ala. App. 108, 226 So.2d 169. Compare Fullbright v. United States, 10 Cir., 392 F.2d 432, where observers with binoculars did not intrude upon the curtilage.

In the instant case we have no testimony as to how far the doorway was from a public thoroughfare, nor as to whether the house was within a fence. No proof was made as to the degree of privacy sought by Jenkins such as no trespassing signs or other warnings of non-invitation. Indeed it was not shown whether entry was made at the front, rear or side door. No proof was made of how other persons came and went, nor the number of visitors.

In People v. Edwards, 71 Cal.2d 1096, 80 Cal.Rptr. 633, 458 P.2d 713, two officers walked down railroad tracks behind the house of the defendants. In the open back yard area they saw three trash cans two or three feet from the back porch door. Though without a warrant, they searched and in one can found marijuana.

The California court seems to have considered that terms such as "curtilage" or "constitutionally protected area" inappropriate. Rather the test (of a warrant requirement) was "whether the person has exhibited a reasonable expectation of privacy, and if so, whether that expectation has been violated by unreasonable government intrusion." Rummaging through the rubbish was held to be such an intrusion.

The court factually distinguished the "open fields" rule of Hester v. United States, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898, and the concept of abandoned property except as authorized to trashmen, citing Work v. United States, 100 U.S.App.D.C. 237, 243 F.2d 660. But see dissent of Burger, J. in *Work*.

Since we have no evidence pro or con as to whether Deputy Townsend was trespassing within the curtilage we see no further

.need to extend this discussion as to this point.

■ To arrest or seize, the officer is required to have reasonable probability as his degree of proof. This is more than possibility—though not proof beyond a reasonable doubt. So that, even if he had been qualified as to identifying marijuana, Townsend's identification of instant concern (thinking it was) would not have justified an emergency seizure, e. g., from a vehicle. See Turner v. State, 43 Ala.App. 42, 179 So.2d 170.

■ Based on the appellate records of marijuana trials brought to this court we know that, except in case of the defendant's admission, the practice of the prosecution has been to produce either a chemical analysis or the opinion of a witness who has seen or studied marijuana. Hence we conclude that this is a realm requiring opinion evidence. See Cano v. State, Tex.Cr.App., 450 S.W.2d 646; State v. Emmett, Wash., 463 P.2d 609 (h. n. 5); People v. McLean, 56 Cal.2d 660, 16 Cal. Rptr. 347, 365 P.2d 403; Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466.

■ A witness is not qualified as an expert unless there is proof or a stipulation that he is familiar with the subject upon which he is asked to give an opinion. The qualification may come from study, practice, experience or observation of a given subject. The predicate is addressed to sound judicial discretion so as to lead to the conclusion that the witness knows more than an ordinary witness about the field. See Ala.Digest, Criminal Law ☞478.

This case, considering the void warrant and failure of proper identification of the contraband, bears many resemblances to the setting of Weldon v. State, 39 Ala.App. 286, 97 So.2d 825. See also Texas v. Gonzales, 5 Cir., 388 F.2d 145.

The judgment below is reversed and the cause remanded for new trial.

. Reversed and remanded.