THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* HÉCTOR COLÓN MORALES, Defendant and Appellant.

No. CR-70-127.    Decided December 15, 1971.

*Enrique Miranda Merced* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Ruth Tentori Lebrón-Velázquez, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Several Internal Revenue special agents were making the rounds in the Guaypao sector of the ward La Perla. One of them testified that while walking along an alley he heard a conversation concerning a drug transaction. He observed that the defendant was with two other persons and that the former received $6.00 from one of the latter. He immediately told his companions and they arrested the three individuals. They seized a pack of Winston cigarettes, where he kept a smoked bottle cap, a dropper, and a hypodermic needle, the $6.00 which we mentioned before, and "grass and seed of assumed marihuana" from appellant. The other two individuals were set free, because nothing was seized from them.

Appellant was charged with "having in his possession and concealing and transporting the narcotic drug known as marihuana." Having been convicted, he was sentenced to serve from five to seven years in the penitentiary on each one of the charges, but to be served concurrently.

■ Appellant invokes our decision in *People* v. *Márquez Estrada,* 93 P.R.R. 790 (1966), to the effect that "in order to incur the offense of possession [of narcotic drugs], the quantity seized should be of such nature that it could be used as a narcotic." Appellant maintains that since the seed cannot be used as a narcotic, the offense penalized by § 29 of the Narcotics Act (24 L.P.R.A. § 974z) was not established. We do not agree. The aforesaid section, insofar as pertinent to the question which we are considering, provides:

"There is hereby absolutely forbidden the holding, possession, conveyance, use, application, prescription, manufacture, preparation, or any transfer or receipt, as well as the introduction, concealing, and transportation in Puerto Rico of:

"(1) . . . . . . .

"(2) . . . . . . .

"(3) The drug known as marihuana, as well as any liquid or solid mixture, including cigarettes or cigars of whatever form and nature containing any portion or residue of marihuana. This prohibition does not include the fiber produced from the stem of this plant, or its seeds, sterilized for industrial purposes, provided the substance or resin containing this drug has been extracted from the said fiber, and the sterilization of the seed has been achieved to a degree such as to render it incapable of germination."

It is evident that the possession of fertile seeds is expressly prohibited.

Defendant also assigns that the prosecuting attorney did not establish, beyond a reasonable doubt, that the seeds seized were marihuana seeds.

The chemist who testified for the People stated that they gave her "a closed envelope with evidence to be analyzed, I analyzed it and the contents of the envelope, it was a small Manila envelope with grass of assumed marihuana, that is, after it was analyzed I determined that it was not marihuana, but dry leaves and within the dry leaves there were marihuana seeds."

"JUDGE:

Q. Don't leave, I want to ask you a question. Miss, how could you determine that those were marihuana seeds?

A. Well, by the appearance; the marihuana seed is unique.

Q. Unique?

A. And the form in itself, the configuration of the seed.

. . . . . . . .

Q. Miss, I want to ask you. Are you a chemist?

A. Yes, sir.

Q. Can you tell the court why these seeds are unique? That is, that the configuration of the seeds is unique in regard to marihuana?

A. Well, that is the marihuana seed, all the marihuana seeds I have seen, and the ones with which I have dealt, in the illustrations you see that seed thus.

Q. Then, it can be identified through photographs?
A. I would tell you that it may be identified.
Q. Is that your opinion?
A. Yes, sir.
Q. All right."

She also testified that by the scent she thinks that the leaves which were together with the seeds were wild marjoram.

■ With this testimony it was not established beyond a reasonable doubt that the seeds were actually marihuana seeds. Her testimony was limited to informing the court that she understood that the seeds seized from appellant were marihuana seeds because "these seeds are unique." The witness did not describe the marihuana seeds. She did not say anything about their appearance and configuration.

It is convenient to point out that in an official publication of the Department of the Treasury of the United States, *Marihuana Its Identification* (U.S. Gov. Printing Office 1948), the method which should be followed in order to properly identify the marihuana seeds is established. We copy from pp. 9 and 10:

"The 'seeds'.—The fruit itself, commonly referred to as seed, is ovoid in shape and has been described as resembling tiny melons. The surface is divided into two segments by a rather sharp ridge around the greatest circumference. The peculiar lacy marking is especially characteristic. The surface color may vary from a greenish-yellow to brown and it is frequently more or less mottled. . . .

. "*Examination of samples.*—Fragments of any or all of the parts of the plant referred to may occur in samples of marihuana *with or without* admixed foreign material such as tobacco. They may readily be separated under a magnification of 20 diameters or less and should be compared separately with similar parts of authentic samples . . . .

"In order that a sample may be identified as marihuana it should conform as follows:

## I. LEAVES

(a) . . . . . . . .
(b) . . . . . . . .
(c) . . . . . . . .
(d) . . . . . . . .
(e) . . . . . . . .

## II. HULLS

(a) . . . . . . . .
(b) . . . . . . . .
(c) . . . . . . . .

## III. FRUIT (SEEDS)

(a) Greenish-yellow to brown in color more or less mottled.
(b) Ovoid in shape.
(c) Ridged about the greatest circumference.
(d) Characteristic 'lacy' marking.
(e) Inside similar to cocoanut meat."

■ The conclusion to the effect that the material seized from appellant was not properly identified is unavoidable, there arising, therefore, a reasonable doubt as to whether actually the material seized were marihuana seeds. It does not appear from the record that the witness had great experience and knowledge about the structure and configuration of the marihuana seeds. Apparently, her knowledge was limited to what she had observed in photographs. And her conclusion was based exclusively on the similarity which the seeds had with the photographs, but it was not established that at least the method recommended in the aforecited publication was followed. It has been held that in order to properly identify the marihuana seeds an expert testimony is necessary. *Jenkins* v. *State*, 248 So.2d 758 (Ala. 1971).

For the reasons stated, the judgment appealed from will be reversed and the defendant acquitted.

Mr. Justice Negrón Fernández took no part in the decision of this case.