El Pueblo de Puerto Rico, demandante y apelado, *v.* Héctor Colón Morales, acusado y apelante.

*Número:* CR-70-127 *Resuelto:* 15 de diciembre de 1971

*Enrique Miranda Merced,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Ruth Tentori de Lebrón Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Varios agentes especiales de Rentas Internas rondaban el sector Guaypao en la Barriada La Perla. Declara uno de ellos que al caminar por un callejón oyó una conversación relacionada con una transacción de drogas. Observó que el acusado estaba con otras dos personas y que aquél recibía $6.00 de una de éstas. Inmediatamente avisó a sus compañeros y arrestaron a los tres individuos. Al apelante le ocuparon una caja de cigarrillos Winston donde guardaba una chapita ahumada, un gotero y una aguja hipodérmica; los $6.00 a que antes hemos aludido y "picadura y semilla de supuesta marihuana". Los otros dos individuos fueron dejados en libertad pues nada se les ocupó.

Al apelante se le imputó "tener en su posesión y ocultar y transportar la droga narcótica conocida como marihuana." Convicto, fue sentenciado a cumplir de cinco a siete años de presidio en cada uno de los cargos, pero en forma concurrente.

■ Invoca el apelante nuestro dictamen en *Pueblo* v. *Márquez Estrada,* 93 D.P.R. 811 (1966) al efecto de que "para estar incurso en el delito de posesión (de drogas narcóticas) la cantidad ocupada debe ser de tal naturaleza que pueda usarse como narcótico." Sostiene el apelante que como la semilla no puede utilizarse como narcótico no se estableció el delito que castiga el Art. 29 de la Ley de Drogas (24 L.P.R.A. sec. 974z). No tiene razón. El referido artículo en su parte pertinente a la cuestión que consideramos dispone:

"Queda absolutamente prohibida la tenencia, posesión, traspaso, uso, aplicación, prescripción, manufactura, preparación o cualquier transferencia o recibo, así como la introducción, la ocultación y la transportación en Puerto Rico de:

(1) . . .

(2) . . .

(3) La droga conocida como marihuana, así como cualquier mezcla líquida o sólida incluyendo cigarillo o cigarros sin importar su forma y naturaleza, que contenga cualquier parte o re-

siduo de marihuana. No estará comprendida en esta prohibición la fibra del tallo de esta planta, así como sus semillas esterilizadas para fines industriales y siempre que a dicha fibra se le haya extraído la substancia o resina que contiene esta droga y la esterilización de la semilla se haya logrado en grado tal que no pueda germinar."

Es evidente que está prohibida expresamente la posesión de semillas fértiles.

Apunta también el acusado que el ministerio público no estableció fuera de duda razonable que las semillas ocupadas fueran de marihuana.

Declaró la química que testificó por el Estado que se le entregó "un sobre con evidencia, cerrado para ser analizada, la cual fue analizada por mí y el contenido del sobre, era un sobrecito de manila con picadura de supuesta marihuana o sea, después de analizada yo determiné que no era marihuana sino hojas secas y dentro de las hojas secas había semillas de marihuana."

HON. JUEZ:

P. No se vaya, yo quiero hacerle una pregunta. ¿Señorita, cómo usted pudo determinar que eran semillas de marihuana?

R. Bueno, por la apariencia; esa semilla de marihuana es única.

P. ¿Es única?

R. Y la forma en sí, la configuración de la semilla.

. . . . . . . . .

P. Señorita, yo quiero preguntarle. ¿Usted es química?

R. Sí señor.

P. ¿Usted le puede decir al Tribunal porqué estas semillas son únicas? O sea, que la configuración de las semillas son únicas en cuanto a marihuana?

R. Bueno, la semilla de marihuana es ésa toda la que yo he visto y la que he tratado en las ilustraciones viene esa semilla así.

P. ¿Así que se puede identificar por fotografías?

R. Yo le diría que se puede identificar.

P. ¿Esa es su opinión?

R. Sí, señor.
P. Bien."

Declara además que por el olor cree que las hojas que estaban junto con las semillas eran de orégano.

■ Con este testimonio no se estableció fuera de duda razonable que las semillas fueran en realidad de marihuana. Su testimonio se limitó a informarle al tribunal que entendía que las semillas ocupadas al apelante eran de marihuana porque "estas semillas son únicas". La testigo no describió las semillas de marihuana. Nada dijo sobre su apariencia y configuración.

Es conveniente señalar que en una publicación oficial del Departamento del Tesoro de los Estados Unidos, *Marihuana Its Identification* (U.S. Govt. Printing Office 1948) se establece el método que debe seguirse para identificar adecuadamente las semillas de marihuana. Copiamos de las págs. 9 y 10:

"Las 'semillas'.—La fruta misma, comúnmente denominada semilla, es de forma aovada y se describe como parecida a melones diminutos. La superficie está dividida en dos segmentos por una ranura bastante pronunciada alrededor de su circunferencia mayor. Su peculiar apariencia de encaje es especialmente característica. El color de su superficie puede variar de amarillo verdoso a marrón y frecuentemente está más o menos veteado . . . .

*Examen de muestras.*—Fragmentos de cualquiera o de todas las partes de la planta a que antes se ha hecho referencia pueden aparecer en muestras de marihuana pura o mezclada con substancias extrañas como tabaco. Ellas pueden separarse fácilmente bajo una ampliación de 20 diámetros o menos y deben compararse separadamente con partes similares de muestras auténticas . . . .

Para poder identificar una muestra como marihuana ésta debe ajustarse a lo siguiente:

I. HOJAS

(a) . . .
(b) . . .
(c) . . .

(d)  . . .
(e)  . . .

## II. VAINAS

(a)  . . .
(b)  . . .
(c)  . . .

## III. FRUTAS (SEMILLAS)

(a)  De color amarillo verdoso a marrón más o menos veteado.
(b)  Forma aovada.
(c)  Ranurada alrededor de su circunferencia mayor.
(d)  Característica apariencia de encaje.
(e)  Interior semejante a la tela del coco."

Es inescapable la conclusión de que no se identificó adecuadamente el material ocupado al apelante, surgiendo por lo tanto una duda razonable de si en verdad lo ocupado eran semillas de marihuana. No surge del récord que la testigo tuviera gran experiencia y conocimiento sobre la estructura y configuración de las semillas de marihuana. Aparentemente su conocimiento se limitaba a lo que había observado en fotografías. Y su conclusión se basó exclusivamente en el parecido que tenían las semillas con las fotografías, pero no se estableció que siguiera el método recomendado en la publicación que antes hemos citado. Se ha sostenido que para poder identificar adecuadamente las semillas de marihuana se requiere el testimonio de un experto. *Jenkins* v. *State*, 248 So.2d 758 (Ala. 1971).

Por lo antes expuesto *se revocará la sentencia apelada y se absolverá al acusado.*

El Juez Presidente, Señor Negrón Fernández, no intervino.