Brenda McCants was charged and convicted for the possession of marijuana for personal use. Alabama Code 1975, § 20-2-70
(a). Sentence was one year's imprisonment in the county jail. The only issue raised on appeal concerns the legality of the search of her purse and the seizure of the marijuana.
On September 22, 1983, Mobile Detective Jack Dove investigated the theft of $300 from Jerry's Delicatessen in Mobile. The owner reported that he had seen McCants and Deborah Hendrix go up the stairs to his office where he had left $300 on his desk. Immediately after the women returned, the owner discovered that his money was missing. The owner told the Detective that no one else had access to his office and the stairs were the only way to get there.
At this time, Dove knew that both women were prisoners of the Alabama Board of Corrections serving in the Supervised Intensive Restitution Program (S.I.R.). McCants had been transferred from Tutwiller Prison to Mobile to participate in the program. She worked at the municipal auditorium during the day and stayed with her mother at night.
After learning that the delicatessen owner wanted to sign warrants for the arrest of McCants and Hendrix, who was also on S.I.R., Detective Dove contacted a director of the S.I.R. program in Mobile to have the two women brought to police headquarters for questioning.
McCants denied any knowledge of the theft. After the interrogation, Dove contacted the Board of Corrections, who requested that McCants be held in the city jail.
Dove "booked" McCants on a hold for the State Penitentiary System. As part of the booking process, he conducted an inventory search of her purse and discovered five partially burned marijuana cigarettes.
Detective Dove testified that he wanted to interview Ms. Hendrix before charging anyone or letting the owner sign a warrant.
Dove stated that he held McCants on "a verbal order from a man in the Penitentiary System to detain her in jail" and booked her on "a hold for the State Penitentiary."
McCants testified that Detective Dove interrogated her and initially told her that *Page 994 
he knew that Hendrix actually took the money but that she knew something about it and if she would tell the truth she would not go back to Tutwiller. When McCants denied having any knowledge of the theft, Dove told her that she was lying and that he was going to place her under arrest. During the interrogation and arrest, the "S.I.R. people" were present and "heard the whole thing."
McCants argues that this search was illegal as it was without a warrant and that there was no probable cause for her arrest.
In Alabama, a law enforcement officer may arrest any person where the officer has "reasonable cause" to believe that a felony has been committed. Alabama Code 1975, § 15-10-3. "Probable cause for arrest without a warrant is something less than proof needed to convict and something more than a raw unsupported suspicion; it is a suspicion or belief of guilt that is `well-grounded'." Nance v. State, 424 So.2d 1358, 1362
(Ala.Cr.App. 1982). "The facts, information and circumstances within the knowledge of the arresting officers need not amount to evidence which would suffice to convict; but the quantum of information which constitutes probable cause — evidence which would warrant a man of reasonable caution in the belief that a felony had been committed — must be measured by the facts of the particular case." Yeager v. State, 281 Ala. 651, 653,207 So.2d 125 (1967).
Although Detective Dove's probable cause for any arrest must have been based on the hearsay information he received from the owner of the delicatessen, this informant was an average citizen who found himself to be the victim of a theft. "The veracity of the `citizen-informant' is easily established, for `the police should be permitted to assume that they are dealing with a credible person in the absence of special circumstances suggesting that such might not be the case.'" Crawley v. State,440 So.2d 1148, 1149 (Ala.Cr.App. 1983). Moreover, the rigid two-pronged test of Aguilar v. Texas, 378 U.S. 108,84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States,393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), was abandoned inIllinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527
(1983), in favor of "the totality of the circumstances analysis that traditionally has informed probable cause determinations." 462 U.S. ___, 103 S.Ct. at 2332.
Detective Dove's testimony that he did not arrest McCants but only detained her in jail on a hold from State Corrections is not determinative of whether or not McCants was actually arrested. United States v. Seay, 432 F.2d 395 (5th Cir. 1970), cert. denied, McGee v. United States, 401 U.S. 942,91 S.Ct. 949, 28 L.Ed.2d 223 (1971). See also Berkemer v. McCarty, ___ U.S. ___, 104 S.Ct. 3138, 3152, 82 L.Ed.2d 317 (1984) ("A policeman's unarticulated plan has no bearing on the question whether a suspect was `in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation."). Here, it cannot realistically be disputed that when McCants was being booked, she was in fact under arrest. See Florida v. Royer,460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); Dunaway v. NewYork, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). "An arrest consists in taking, under real or assumed authority, custody of another person for the purpose of holding or detaining him to answer a criminal charge or civil demand."Glass v. State, 424 So.2d 687, 689-90 (Ala.Cr.App. 1982).
The Attorney General, relying on Hudson v. Palmer, ___ U.S. ___, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), suggests that since McCants was a prisoner on work release she was afforded no protection under the Fourth Amendment against unreasonable searches and seizures. That case held that a prison inmate has no reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures. *Page 995 
We recognize that there is authority holding that prisoners on work release have a lessened expectation of privacy and lawfully may be subjected to searches which, absent their work release status, would be deemed unlawful because of the absence of probable cause. State v. Nunziato, 178 N.J. Super. 216,428 A.2d 564 (1981); W. LaFave, 3 Search And Seizure § 10.10 (1978). However, that line of authority presents special problems which have not been addressed by either party in this case. See LaFave, supra. Additionally, this theory was never argued to the trial judge. For those reasons, we make no finding that McCants enjoyed a lesser expectation of privacy because of her status as a inmate participating in a work release type program.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.