The appellant was convicted of receiving stolen property in the first degree. He was sentenced to life in the penitentiary pursuant to the Habitual Felony Offender Act. He was also ordered to pay restitution, should he be released prior to the termination of his sentence, and to pay court costs.
 I
The appellant argues that the trial court erred in denying his motion to suppress his statement, palm prints, and fingerprints, because he alleges that this evidence was the product of an unlawful arrest. The State argues that the appellant was not in custody and voluntarily went to the police station, where he subsequently gave a statement and where the standard fingerprints and palm prints were taken from the appellant. The State argues that the appellant was not under arrest and, therefore, that the evidence was not the fruit of an unlawful arrest. The State further argues that there was sufficient probable cause, nonetheless, to justify an arrest.
The record indicates that the appellant was under arrest when he gave his statement and that the fingerprints and palm prints were taken in the process of placing the appellant under arrest. Although the State presented evidence that the appellant voluntarily went to the police station, there was further evidence that the appellant was placed under arrest after a statement was taken from a man who was found with the appellant when he was taken to the station for questioning. The man's statement indicated that the appellant had violated his probation from the State of Georgia and that the appellant had come to the man's house in a "hot-wired" car. The statement concerning the appellant's probation violation was verified immediately thereafter and an investigator with the sheriff's department stated that the appellant *Page 372 
was then placed under arrest. The State also presented testimony that this statement from the other man was taken prior to that of the appellant. The appellant was properly given his Miranda warnings before he gave his statement and he was apparently under arrest at that time. The record further indicates that the fingerprint and palm exemplars were taken from the appellant as part of the standard procedure in booking an arrestee.
The appellant was under arrest, and there was sufficient probable cause to justify this arrest. Beginning approximately three days prior to the appellant's arrest, the police received three telephone calls indicating that the appellant was driving a car with Georgia license plates and that the car could not be his. The last of these calls cautioned the police that they should immediately investigate the matter, as the appellant was preparing to leave for Georgia. Police also received some information from a confidential informant that the appellant had been seen in the Sycamore area riding in the car and bragging about owning it. Also, prior to the day of the appellant's arrest he was seen by an officer driving a vehicle which matched the description of the allegedly stolen automobile mentioned in the telephone calls. The officer turned his vehicle and attempted to locate the automobile. The officer testified that the vehicle, "unless it was four-wheel drive or something of that nature," would have had to pass him in order to leave the area. However, he could not initially locate the vehicle and therefore notified other police units to help seal off the area. The vehicle was located approximately a mile to two miles off the road. It had been "straight-wired" or "hot-wired" and the officer testified that the entry into the vehicle had been through a back window. The vehicle was taken into custody and several days later was determined to have been stolen from Atlanta, Georgia.
Moreover, prior to the appellant's arrest, the police had information from the man found with the appellant that the appellant drove from Georgia in the "hot-wired" vehicle and had violated probation from Georgia. Thus, the police had sufficient probable cause to arrest the appellant.
 " 'The test for probable cause is clear: probable cause exists if facts and circumstances within the knowledge of an arresting officer and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution in the belief that an individual has committed a crime.' United States v. Long, 674 F.2d 848, 853 (11th Cir. 1982).
 " 'The facts, information and circumstances within the knowledge of the arresting officers need not amount to evidence which would suffice to convict; but the quantum of information which constitutes probable cause — evidence which would warrant a man of reasonable caution in the belief that a felony has been committed — must be measured by the facts of the particular case.' Yeager v. State, 281 Ala. 651, 653, 207 So.2d 125, 127 (1967).
 "See also McCants v. State, 459 So.2d 992, 994
(Ala.Cr.App. 1984)."
Cox v. State, 489 So.2d 612, 620 (Ala.Cr.App. 1985).
The trial court properly concluded that there was sufficient probable cause to justify the appellant's arrest. Therefore, there was no illegal arrest which would taint or invalidate the use of the appellant's statement or his fingerprints and palm prints.
 II
The appellant argues that the trial court erred in overruling his objection to the jury instructions regarding flight and regarding providing false and evasive answers. The record indicates that the trial court gave the following jury instructions:
 "There's been some evidence offered in this case tending to show that after the alleged offense was committed, the defendant fled the scene of the alleged offense. Of course, it is always permissible for such evidence of flight to be offered, but it is for the jury to decide whether or not a defendant did flee from the scene of the alleged offense, and if *Page 373 
so, whether his flight was from a consciousness of guilt or for some other reason. If a jury finds that a defendant's flight from the scene of the alleged offense was from a consciousness of guilt, then that is a circumstance which may be weighed against the defendant. But if the jury finds that his flight was for some other reason, and not from a consciousness of guilt, then the fact that he left the scene of the alleged offense and fled therefrom would not be or should not be weighed or taken against him.
 "There has been some evidence offered by the State for the purpose of showing that the defendant made a false, evasive or misleading statement to an investigating officer. Therefore, I want to tell you that intentionally false, contradictory, evasive, or misleading statements made by defendant to an investigating officer may be introduced into evidence as showing a consciousness of guilt."
These instructions were proper, and the evidence presented at trial was sufficient to support them. There was evidence that the appellant was seen driving the stolen vehicle and that when an officer attempted to follow him, the appellant hid and abandoned the vehicle. There was further evidence that when police officers went to the appellant's mother's home in order to question the appellant, his mother indicated that he was not there, but that in fact the appellant was found hiding in a closet. "It is settled law that in criminal cases the flight or attempted flight of a defendant is a circumstance which the jury may take into consideration." Ward v. State,497 So.2d 571, 573 (Ala.Cr.App. 1986), reversed Ex parte Ward,497 So.2d 575 (Ala. 1986).
Moreover, there was evidence that the appellant gave the police a statement alleging that he had never been in the stolen vehicle. However, the appellant's fingerprints were found inside the car. The weight and credibility to be given to an appellant's statement is a determination for the jury.Chambers v. State, 455 So.2d 1008 (Ala.Cr.App. 1984). Furthermore, "[A] 'palpably false' answer has 'no discernible innocent meaning and may reasonably be taken to indicate consciousness of guilt.' People v. Superior Court of LosAngeles County, 7 Cal.3d 186, 101 Cal.Rptr. 837,496 P.2d 1205, 1213 (1972). See also State v. Valenzuela, 121 Ariz. 274,589 P.2d 1306, 1308 (1979)." Powell v. State, 548 So.2d 590,605 (Ala.Cr.App. 1988). The trial court's instructions as to these matters were proper.
 III
The appellant argues that the trial court erred in overruling his motion for judgment of acquittal because, he says, the State failed to prove a prima facie case. In order to establish a prima facie case of buying, receiving, or concealing stolen property, the prosecution must prove:
"(1) The property must have been stolen;
 "(2) The accused must have bought, received, concealed or aided in concealing the property with the knowledge that it was stolen; and
 "(3) The accused must have no intention of returning the property to the owner. Ala. Code § 13A-8-16 (1975); Franklin v. State, 378 So.2d 267
(Ala.Cr.App. 1979)."
Tombrello v. State, 431 So.2d 1355, 1357 (Ala.Cr.App. 1983).
The first element was clearly established and is not in dispute. "The remaining two elements may be established by showing that the accused recently possessed the stolen goods.Ingram v. State, 356 So.2d 761 (Ala.Cr.App. 1978); Franklin v.State, [378 So.2d 267 (Ala.Cr.App. 1979)]. The jury may also infer the requisite scienter from the facts and circumstances surrounding the whole transaction. Hunt v. State, 331 So.2d 834
(Ala.Cr.App. 1976)." Id.
A State's witness testified that his blue 1983 Oldsmobile Regency automobile disappeared from Atlanta, Georgia, on December 20, 1987, and that he had found glass from one of the vehicle's windows where he had left the car. He further testified that he had not given anyone permission to take the car. The appellant was seen by a police officer driving the vehicle *Page 374 
and it was subsequently found abandoned off the road. Further, the car had been "hot-wired" and the rear window had been broken out. The appellant originally stated that he had not been in the vehicle, but his fingerprints were found inside. Thereafter, when the police attempted to question him, the defendant was found hiding in a closet in his mother's home. This evidence was sufficient to prove possession of stolen property.
AFFIRMED.
All Judges concur.