| 123 | 81 |
|-----|-----|
| 136 | 32 |

# Ford v. The State.

*Prosecution for Gaming.*

1. *Gaming; sufficiency of affidavit.*—Under the provisions of the statute (Code, § 4794), a complaint made before a justice of the peace, which charges that the defendant "bet at a game played with cards or some device or substitute for cards in a highway or some other public place, against the peace and dignity of the State of Alabama," sufficiently charges a violation of the statute against betting at cards in a public place, and is not subject to a demurrer on the ground that it charges an offense in the alternative.

2. *Same; what constitutes public place.*—In a prosecution for betting at cards in a public place, where the evidence shows that the defendant and others were engaged in a game of cards just to the rear of a certain person's house, which house was ten or fifteen yards from the road, and that one going along the road approaching the house could see the persons engaged in the game of cards from the road, such place constitutes a public place within the meaning of the statute against gaming.

3. *Same; variance between playing at cards and betting.*—Under

6

[Ford v. The State.]

an indictment or complaint which charges the defendant with betting at a game of cards in a public place, a conviction can not be had on proof of playing only, without evidence that the defendant bet money, bank notes or other thing of value at said game; the two offenses being separate and distinct under the statute.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. E. B. WILKERSON.

The prosecution in this case was commenced by an affidavit made before the justice of the peace, which charged that "within twelve months before the making this affidavit, Ben Ford, alias Ben Tiner, bet at a game played with cards, or some device or substitute for cards, in a highway, or some other public place, against the peace and dignity of the State of Alabama." To this affidavit the defendant demurred upon the ground that it charges an offense in the alternative, in charging that defendant "played with cards or some device or substitute for cards." This demurrer was overruled, and the defendant duly excepted.

One James Reeves, a deputy sheriff, testified that while he was out looking for a person for whom he had a warrant, he came to where one Gus Copeland lived. His testimony, as set out in the bill of exceptions, was then as follows: "That he saw some negroes back of the house, and left said Parks and Tatum at the road, and slipped up to the corner of the house and watched them That they were playing cards; that there were eight or ten in the crowd; that he walked up among them and arrested them. That the house was about ten or fifteen yards from the road; that the house set with the road, and that the parties playing cards were close to the house, on the back side from the road, opposite the corner of the back end of the house; that when they came up to where said Gus Copeland resided, they came up in an opposite direction to the back corner of the house where these parties were playing. That where they were, they could not be seen from the road in that direction, but that they could be seen by persons from the road in the other direction."

The evidence for the defendant tended to show that

where he and his companions were behind the house they could not be seen from the road.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered a judgment of conviction.

D. A. BAKER, for appellant.—The place at which the appellant is charged with having played with cards, &c., was not a highway, or other public place.—*Graham v. State,* 105 Ala. 130; *Pickens v. State,* 100 Ala. 127.

CHAS. G. BROWN, Attorney-General for the State, cited Criminal Code of 1896, § 4797; Crim. Code of 1896, Form 24, p. 327; *Franklin v. State,* 91 Ala. 23, 25.

TYSON, J.—The affidavit was not subject to the demurrer interposed to it.—Code, § 4794; Crim. Code, Form 24, p. 327.

Under the authority of *Mills v. The State,* 20 Ala. 86, the place at which the defendant was arrested, was a public place within the statute against gaming.

The record purports to set out all the evidence, and there was no proof that the defendant bet any money, bank-notes, or other thing of value at the game. The State failed to make out the charge against him, and he was entitled to his acquittal. A conviction of the offense of betting at a game of cards cannot be supported upon mere proof of playing at a game of cards. The two offenses are distinctly different.—*Chambers v. The State,* 77 Ala. 80; *Clayborne v. The State,* 103 Ala. 53.

Judgment reversed and cause remanded.