# Lee *v*. The State.

$$\frac{136}{f138}\ \frac{31}{674}$$

## *Indictment for Gaming.*

1. *Gaming; what constitutes public place.*—A place in the yard of
a private house, forty feet away from the public road, open to
observation from persons travelling the public road is a pub-
lic place within the meaning of the statute against gaming,
(Code, § 4792); and in playing with cards or dice at such a
place, a person violates said statute.

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. OSCEOLA KYLE.

The appellant in this case was indicted, tried and con-
victed for playing at a game with cards or dice at a
public place.

The witness for the State testified that on a certain
day within 12 months before the finding of the indict-
ment he was going along a public road in Limestone
county and that as he passed the residence of Jordan
Matthews he saw the defendant and Jordan Matthews
on the ground, and Alfred King sitting on the steps of
the house, and that all three of them were playing dice;
that they had two dice and were throwing them; that
the house of Jordan Matthews is situated from 20 to 40
feet from the public road, and that said dice playing was
in plain view of said public road, and that the defend-
ant and the two other persons who were playing dice
were in plain view from the public road, and it could be
easily seen that they were playing dice; that the house
of Jordan Matthews was separated from the public road
by a fence.

The defendant as a witness in his own behalf denied
that he was playing with dice at the house of Jordan
Matthews, on the day designated by the witness.

The court in its general charge to the jury among
other things instructed them as follows: "I charge you
as a matter of law that if this defendant played with
dice at a place within thirty or forty feet of a public

[Martin v. The State.]

road, as the evidence of the State tends to show, and if it could be easily seen by those passing along said road, then that, under the law, is a public place." To the giving of this portion of the court's general charge the defendant separately excepted.

W. R. WALKER, for appellant, cited *Campbell v. State,* 17 Ala. 369; *Roquemore v. State,* 19 Ala. 528; *Coleman v. State,* 20 Ala. 51; *Clark v. State,* 12 Ala. 492; *Smith v. State,* 52 Ala. 284; *Taylor v. State,* 22 Ala. 15; *Henderson v. State,* 59 Ala. 89; *Graham v. State,* 105 Ala. 130; *Finnem v. State,* 115 Ala. 106.

MASSEY WILSON, Attorney-General, for the State, cited *Ford v. State,* 123 Ala. 81; *Finnem v. State,* 115 Ala. 106; *Franklin v. State,* 91 Ala. 23; *Henderson v. State,* 59 Ala. 89.

McCLELLAN, C. J.—Within the meaning of section 4792 of the Code, a place in the yard or curtilage of a private house, forty feet away and open to observation from a public highway—so near and so open that persons traveling the highway can see card or dice playing thereat—is abstractly and *per se* a public place, and to be so declared by the court as matter of law. The circuit court did not err in giving the charge excepted to by the defendant.—*Ford v. State,* 123 Ala. 81; *Franklin v. State,* 91 Ala. 23; *Henderson v. State,* 59 Ala. 89.

Affirmed.

