# Mosely *v.* The State.

*Gaming.*

(Decided May 20, 1909. 49 South. 807.)

*Gaming; Public Place.*—To show that one playing cards in his own home is playing in a public place, it is not only necessary to show that persons passing along the public road could see the players, but that such persons could tell that they were playing cards, or at least could see what they were doing.

APPEAL from Monroe County Court.

Heard before Hon. I. B. SLAUGHTER.

Ivey Mosely was convicted of playing at a game of cards, etc., in his own home, at a public place, and he appeals. Reversed and remanded.

HYBART & BURNS, for appellant.—Under the facts in this case, the defendant should have been discharged.—*Franklin v. The State,* 91 Ala. 23; *Lee v. The State,* 136 Ala.

ALEXANDER M. GARBER, Attorney-General, for the State.

ANDERSON, J.—The defendant was indicted under section 4792 of the Code of 1896 (section 6983 of the Code of 1907). The only question presented is whether or not the playing was so near the public road that parties in or traveling the same could see and tell that they were playing cards. It is not sufficient that the players were seen and could be recognized; but could persons in the road see them playing cards?—*Franklin v. State,* 91 Ala. 23, 8 South. 678.

The state not only failed to prove that they were or could be seen playing cards, but both of its witnesses

testified that they were looking at the defendant and his companions and could not tell what they were doing. The defendant was in his own house, and was not guilty unless the playing was or could be seen from the public road, and the state's witnesses were looking and could not see them playing. The trial court erred in not discharging the defendant, and the judgment of the county court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, and MAYFIELD, JJ., concur.