25 So.2d 394

## TOWN OF BOAZ v. JENKINS et al.

### 8 Div. 500.

Court of Appeals of Alabama.

March 19, 1946.

J. W. Brown and E. B. Black, both of Boaz, for appellant.

Herbert H. Conway, of Albertville, for appellees.

HARWOOD, Judge.

Section 80, Chapter 31 of the Municipal Code of the Town of Boaz is as follows:

Chapter 31, Section 80.

"Betting at Cards, Dice etc.

"It shall be unlawful for any person to bet or hazard any money, bond, note or other things of value, at any game played with cards, or dice, or any device or substitute therefor, or any game of chance or skill, whether publicly or privately."

On 26 February 1945, police officers of the Town of Boaz, without any warrant or writ of any nature whatsoever, entered the home of J. W. Jenkins, located in the police jurisdiction of Boaz. There they found Jenkins and seven other men. Some of the men were seated around a table on which were scattered playing cards and seven dollars and fifty cents, and those not seated were standing around in the room. The officers did not observe any actual game in progress. No effort was made by the prosecution to establish which of the men were actually at the table or which were merely in the room. In fact Jenkins was the only person mentioned by name in examination of witnesses by counsel for the Town at the trial in the court below. Regardless of the unsatisfactory state of the evidence presented by the Town as to the men involved other than Jenkins we refrain from passing on its sufficiency since the case must be affirmed on other grounds.

At the conclusion of the prosecution's case in the court below the defendants rested and moved the court to take the case from the jury and discharge the defendants. The court granted the motion, stating that it was the court's view that the ordinance, supra, went further than the State law and was invalid in so far as it prohibited gaming in a private home. Judgment entry to this effect appears in the record.

No competent evidence shows that Jenkins had by any acts and conduct changed the character of his home from a private dwelling to a public place. Such being the case the acts of the defendants violated no State law, which prohibits gaming in a *public* place. See Section 263, Title 14, Code of Alabama 1940.

The question then arises as to whether the Town of Boaz can enact an ordinance going beyond the State Statutes and prohibit gaming in a private as well as a public place.

Certainly the ordinance is not invalid in toto because a part may go beyond the permissible legislative power of the town, provided the good part is severable from the offensive portion. Little v. City of Attalla, 4 Ala.App. 287, 58 So. 949. However, that part of the ordinance prohibiting gaming *privately* is inconsistent with the policy of the State as evidenced by the State Statutes pertaining thereto, and that portion of the ordinance is invalid. A similar question was presented in the case of Ligon v. City of Gadsden, 21 Ala. App. 312, 107 So. 733, 734, and the late Judge Rice wrote:

"The municipality is the creature of the state. In other words, the city lives by and through and for the purposes of the state, and we think it not only inconsistent, but is also unreasonable, for the creature to have and exercise more power and authority than the creator. By its laws, the state says to this appellant, in effect: You are at liberty to do all and every the acts complained of, and in so doing you violate no law of this sovereignty. For the municipality to say no, you shall do no such thing, is, in our opinion, a conflict, an inconsistency, and an unreasonable status, even under the flexible rule of police powers. The police powers have never been construed to take precedence over the Constitution of the state. Article 1, § 5, of Const. 1901, provides:

" 'That the people shall be secure in their persons, houses, papers, and possessions from unreasonable seizure or searches,' etc.

"It is true that a man may make a public place of his private residence by certain acts and conduct. This has been definitely decided many times in this state."

We think the above quoted language is decisive of this case.

While the procedure followed in discharging the defendants was irregular, a request for the affirmative charge by the defendants, or a motion to exclude the evidence being the indicated procedure, this irregular procedure is immaterial in this case, as the result reached was the only allowable result in view of the invalidity of that portion of the ordinance covering the shown conduct of the defendants.

We have considered the rulings of the court as to the admissibility or exclusion of certain evidence arising during the trial. In our opinion the rulings of the trial court were so basically correct that no discussion of this phase of the record is indicated.

Affirmed.