203 So.2d 692

### CITY OF BIRMINGHAM

#### v.

### Willie RICHARD.

#### 6 Div. 174.

Court of Appeals of Alabama.

April 18, 1967.

Rehearing Denied May 9, 1967.

Wm. C. Walker, Birmingham, for appellant.

Fitzhugh A. Burttram, Birmingham, for appellee.

George E. Trawick, Birmingham, amicus curiae.

JOHNSON, Judge.

This is an appeal from the Circuit Court of Jefferson County, Alabama, granting a motion to quash a complaint charging appellee with violating the General Code of Birmingham in that he did play at a game of chance in a private home for money.

Appellee was convicted in Recorder's Court of Birmingham on October 19, 1965, on the charge of gaming in violation of the General Code of the City of Birmingham, 1964, Sec. 23–1, which reads, "No person shall play at any game of chance or hazard for money or other valuable thing or in any way aid or abet, countenance or encourage such game."

Appellee appealed from this judgment of guilty and punishment of a $50.00 fine to the Circuit Court of Jefferson County. Appellant filed a complaint at that time charging appellee with violating Sec. 23–1 of the City of Birmingham General Code, 1964, and on the same day appellee filed a motion to quash said complaint. Judgment was entered granting said motion discharging appellee on the following ground:

"That the City Ordinance made the basis of the Complaint herein, (Section 23–1, General Code of the City of Birmingham, 1964), goes beyond and exceeds the scope of the State statute. Title 14, Section 263, Code of 1940, Recompiled 1958, and is therefore excessive, the excessive part being invalid and unconstitutional."

Appellant contends that gambling in a private home by appellee should be regulated by the city ordinances and asks this court to overrule the cases of Ligon v. City of Gadsden, 21 Ala.App. 312, 107 So. 733 and Town of Boaz v. Jenkins et al., 32 Ala.App. 299, 25 So.2d 394.

Appellant claims as error this action by the trial court in granting the motion to quash. We cannot agree with this contention nor do we feel that the above cases should be overturned.

In the case of Ligon v. City of Gadsden, supra, the defendant was in a room of his own house "gaming" with several friends. He was adjudged in violation of a city ordinance similar to the one in question here. This court reversed the decision of the lower court by saying that the ordinance was void and inconsistent with the general laws and policy of the State so far as prohibiting card playing for considerations in private residences *not theretofore* used for gaming.

This court stated in Town of Boaz v. Jenkins et al., supra, the following:

"In prosecution under ordinance for betting at cards at defendant's home, defendant did not violate state law which prohibits gaming in a public place where evidence showed that defendant had not by any acts or conduct changed the character of his home from a private dwelling to a public place. Code 1940, Tit. 14, § 263."

The implication is clear. *Public* gaming is prohibited. However, when the gaming is in a private home, and not such a continuous and repeated performance as to imply a *public* usage of the house for gaming, or the use of a private home in lieu of a public establishment, then the ordinance cannot have effect upon the parties. This shall not be taken as an opening of the doors of private homes to further gambling. It is for the protection of those individuals who on occasion, privately and for "fun or amusement", play for small sums.

The Code of Alabama, 1940, Tit. 14, Sec. 263 summarizes the position of the State on the question of gambling:

"Any person who plays at any game with cards or dice, or any device or substitute therefor, at any tavern, inn, or quasi public building owned by the state, county, or municipal corporation, storehouse for selling or retailing spiritous, vinous, or malt liquors, or place or house where spiritous, vinous, or malt liquors are retailed, sold, or given away, or in any public house, highway, or in any other public place, or any outhouse where people resort, shall, on conviction, be fined not less than twenty nor more than fifty dollars."

This is the Alabama law. Bythwood et al. v. State, 20 Ala. 47, 50, further qualified

the law by the proposition that the act of card playing itself is not denounced as a vice or crime in itself.

■ The position of the State as to state and local law conflicts is aptly stated as follows:

"The municipality is the creature of the state. In other words, the city lives by and through and for the purposes of the state, and we think it not only inconsistent, but is also unreasonable, for the creature to have and exercise more power and authority than the creator. By its laws, the state says to this appellant, in effect: You are at liberty to do all and every the acts complained of, and in so doing you violate no law of this sovereignty. For the municipality to say no, you shall do no such thing, is, in our opinion, a conflict, an inconsistency, and an unreasonable status, even under the flexible rule of police powers. The police powers have never been construed to take precedence over the Constitution of the state." Ligon v. City of Gadsden, supra.

See also Downey v. City of Bay Minette, 39 Ala.App. 619, 106 So.2d 32; Cartee v. Hubbard, 275 Ala. 356, 155 So.2d 309.

■ We, therefore, cannot agree with appellant's basic contentions as to the chances of gaming promoting further mischief, yet the laws of this State protect the public from public and open violations of this type. It has been construed to mean that the invasion of private homes in furtherance of this type prohibition is not allowed by statute and the enactment of the cities in arriving at a construction of their ordinance to mean this should not be countenanced.

This cause is due to be and the same is hereby

Affirmed.