280 So.2d 827

**Lloyd HADLEY and Juan Dean**

**v.**

**STATE.**

**I Div. 355.**

Court of Criminal Appeals of Alabama.

May 1, 1973.

Rehearing Denied May 29, 1973.

Kenneth Cooper, Bay Minette, for appellants.

William J. Baxley, Atty. Gen., and George W. Royer, Jr., Asst. Atty. Gen., for the State.

**HARALSON**, Supernumerary Circuit Judge.

The appellants were each charged with the offense of grand larceny and by agreement the two cases were consolidated and tried together in the Baldwin County Circuit Court, resulting in a conviction of each appellant of petty larceny. The court fixed punishment for each appellant at twelve months imprisonment in the Baldwin County jail and each appellant has appealed.

A brief statement of the facts is necessary as a background for a decision of these appeals.

It appears from the State's testimony that State's witness A. S. Caraway placed five fish boxes at a place in Baldwin County known as Holly Creek Landing on June 9, 1972. He immediately left the vicinity of the boxes, went to a fishing camp where he spent the night and, returning the following morning, he found three of the boxes missing. He testified that each box was worth Seventeen Dollars and Fifty Cents. The State then offered J. B. Thompson as a second witness who testified that he helped Mr. Caraway unload some of the boxes and other items on the afternoon above referred to and that on the following morning three of the boxes were missing. He further testified that during the interval in which the boxes were placed and the time they were found missing, he saw the appellants drive up in a truck, park the truck, and go fishing but did not see them leave. When he returned to camp after the boxes were missing, he saw tire tracks where the pickup truck had pulled up and backed around toward where the boxes were and he then related this to Mr. Caraway together with the names of appellants. State's witness Deputy Sheriff W. A. Tolbert testified that witness Caraway reported the missing boxes to him and gave him the names of the appellants, whereupon he went to the homes of each appellant in search of the boxes. It appears that he first went to the home of appellant Dean and, not finding the boxes there after a search of the woods nearby, he went to the home of appellant Hadley and was met at the door by Hadley's wife and grandmother. He asked them where Lloyd had put the boxes. The wife replied that she did not know if he had brought anything in, but the grandmother said he put something back of the house. Tolbert then proceeded to go behind the house where he saw an old open shed closeby where he found the boxes in question, took possession of them, and left. The appellants were arrested sometime after the search.

No search warrants had been procured by anyone for the search of either of the appellant's homes and it appears that the deputy sheriff was basing his search upon the information, regarding the appellants, that he had received from the witness Caraway.

The appellants did not testify nor offer any witnesses in their defense.

The question of prime importance before the Court is the admissibility of the testimony of Deputy Tolbert relative to finding

the fish boxes on the premises of appellant Lloyd Hadley while upon said premises without a search warrant in an effort to locate the missing boxes.

The appellants objected to the introduction of Tolbert's testimony as a violation of their constitutional rights under the provisions of the Fourth Amendment to the Constitution of the United States and Article 1, § 5, of the Constitution of Alabama, 1901.

These constitutional provisions protect people in their persons, houses, papers and effects against unreasonable searches and seizures, and a search of a person's home or the curtilage thereof without a warrant based upon probable cause, and upon oath, or affirmation describing the place, persons to be searched and the articles to be seized, is invalid, in absence of certain exceptions.

The State contends there was no search by the deputy sheriff as that term is defined in Dannelly v. State, 47 Ala.App. 363, 254 So.2d 434, but that rather the articles, the object of the search, were voluntarily made available to the officer. Several cases are cited to sustain this position, including McCoy v. State, 241 Ind. 104, 170 N.E.2d 43; McAdams v. State, 226 Ind. 403, 81 N.E.2d 671 and State v. Reams, 277 N.C. 391, 178 S.E.2d 65. In these cases the property involved in the search was voluntarily delivered to the officers making the search. We distinguish the facts in these cases from those in the case at bar and find this proffered authority inapt.

"When police officers want to search a person's home they must have either a search warrant or a knowing, voluntary permission, unless the search is incidental to a lawful arrest or there are other circumstances, not present in this case, which justify a departure from the rule. Waldron v. United States, 95 U.S.App. D.C. 66, 219 F.2d 37. See United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59." Duncan v. State, 278 Ala. 145, 176 So.2d 840.

This search without a warrant was a violation of appellants' rights since it was not made under any of the circumstances which would justify a departure from the rule set out in the above authority.[1]

Evidence of incriminating nature discovered by the deputy sheriff in this case in his search of the premises of appellant Hadley is inadmissible and the trial court was in error in overruling appellant's objection. Knox v. State, 42 Ala.App. 578, 172 So.2d 787; Ingram v. State, 45 Ala. App. 108, 226 So.2d 169; *Duncan*, supra.

No further error appears in the record but for the error above set out the judgment in this cause must be reversed and the cause remanded.

The foregoing opinion was prepared by the Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON, and HARRIS, JJ., concur.

DeCARLO, J., dissents.

DeCARLO, Judge (dissenting):

I respectfully dissent. I do not find an unreasonable search and seizure. Reasona-

---

1. The exceptions to the requirement of a search warrant are if made:
   1. With consent or waiver voluntarily, intelligently and knowingly given. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436.
   2. Incident to a lawful arrest. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 721.
   3. With probable cause to search but with exigent circumstances. United States v. Jeffers, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59.
   4. In hot pursuit. Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782.
   5. Stop and frisk. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

bleness should be determined by the facts and circumstances surrounding each case. It is my belief that it is not unreasonable for a deputy sheriff, investigating a theft at the home of accused, to make the following inquiry of his wife and grandmother:

> "I asked them where Lloyd put the fish boxes and his wife said she didn't know if he brought anything in and the grandmother said he put something back of the house."

We must not forget that the articles seized were not private or ordinary personal effects, but stolen goods. The difference in the degree of protection afforded private property rightfully possessed and articles such as counterfeit money, customs contraband, and stolen goods in whose regulation or destruction the public has a legitimate interest, has been emphasized by the Supreme Court of the United States. Boyd v. United States, 116 U.S. 616, 6 S. Ct. 524, 29 L.Ed. 746; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.

This distinction does not sanction an invasion of the right of privacy *in the home*. It is a persuasive factor in considering whether the individual's right of privacy renders unreasonable the removal of stolen property from an open shed situated less than a hundred feet from the rear of the house, and in open view.

Clearly, under the facts, the deputy had sufficient probable cause to be in the position where he viewed the stolen fish boxes. As he testified on direct examination, the boxes were in plain sight when he went around the house. The purpose of his actions was only to verify information given him by appellant's wife and grandmother.

> "A search implies a prying into hidden places for that which is concealed and that the object searched for has been hidden or intentionally put out of the way. While it has been said that ordinarily searching is a function of sight, it is generally held that the mere looking at

> that which is open to view is not a 'search'."

79 C.J.S. Searches and Seizures § 1, page 775, Kelley v. State, 39 Ala.App. 572, 105 So.2d 687.

This by no stretch of the imagination could be a search.