298 So.2d 671

**William J. ADAIR**

v.

**STATE.**

**2 Div. 130.**

Court of Criminal Appeals of Alabama.

July 30, 1974.

252

No brief for appellant.

William J. Baxley, Atty. Gen. and John M. Gruenewald, Asst. Atty. Gen., for the State, appellee.

ALMON, Judge.

Adair was convicted of grand larceny and sentenced to four years in the penitentiary.

This case involves the validity of a search and seizure which occurred in the State of Mississippi.

Prior to trial defense counsel filed a motion to suppress the evidence seized in the

Mississippi search. This motion was denied, so far as the record shows, without a hearing.

During trial defense counsel timely objected to the introduction of the stolen air conditioners until a proper affidavit and warrant were introduced authorizing the search. On this point, the record shows:

"Q. Did you have that search warrant with you that you had when you went there?

"A. I have a copy of the search warrant and affidavit.

"Q. Did you make a search of that property.

"MR. SAMS: We object until it is offered into evidence.

"MR. JUNKIN: We contend it was not necessary, as he did not live on the farm.

"MR. KIRK: The law in Alabama is where he does not live on the premises it was not necessary.

"THE COURT: But you do have one here.

"MR. KIRK: Yes, a copy but it is not necessary so far as that goes. He has stipulated he did not live on it [sic] farm, therefore it is a moot question. We do not have to have one to search an unoccupied farm.

"THE COURT: But you do have one.

"MR. SAMS: The search warrant and affidavit must be consistant with the law in Mississippi, it was made in Mississippi by a Mississippi magistrate.

"THE COURT: He says he has it.

"MR. SAMS: Do you have it?

"MR. JUNKIN: We have a copy.

"MR. SAMS: What about the original warrant and affidavit?

"Q. Were you able to obtain an affidavit and search warrant?

"A. Yes.

"Q. From whom?

"A. From Judge James.

"Q. And this is a copy?

"A. Yes.

"MR. SAMS: We object unless it is the original.

"MR. JUNKIN: If he demands for us to have a man drive from Columbus over here to bring it then, we will do it.

"MR. SAMS: We object to the introduction of this.

"THE COURT: Let's not do that. Do you want to check this one here Mr. Sams and Mr. Kelly?

"MR. JUNKIN: We contend we do not need a search warrant.

"MR. SAMS: May we have leave, with Mr. Kelly, to examine this at my desk?

"THE COURT: Sure.

"(At this point the attorneys approached the bench for a conference)

"THE COURT: Alright, go ahead."

The affidavit and search warrant were never introduced in evidence. Subsequently, testimony was admitted that the stolen air conditioners were seized from an old locked house used for storage on land leased by the appellant. The record shows the following:

"Q. Entering upon the farm, would you just describe the layout of the land on the farm leased by the defendant?

"A. From Golden road you enter through a metal gate and go quite some distance up to the road through a field like and up a hill and there is an old barn, well house or protection or some-

thing that covers the pump and they had stables where they kept 3 or 4 horses. I do not know how many stables there was. There was an old house.

"Q. Was there a house on the farm?

"A. Yes, an old house.

"Q. Describe it.

"A. It was run down and had fallen down in places but the back part of it was locked with padlock.

"Q. How did you get into this room?

"A. We used his key.

"Q. A key you obtained from the defendant. William Adair?

"A. Yes.

"Q. What was inside the house?

"A. We found the 2 air conditioners."

The State was apparently proceeding under the theory that no search warrant was necessary as the appellant did not reside on the leased premises.

■ As has been stated earlier, the situs of this search was in a sister state. No proof was adduced at trial to show the law of Mississippi.[1] Alabama courts do not take judicial notice of the law of a sister state or a foreign country, whether statutory or otherwise. Constantine v. Constantine, 261 Ala. 40, 72 So.2d 831.[2]

■ In Brown v. State, 48 Ala.App. 84, 261 So.2d 914, we adopted the "open fields" view and approved a warrantless search and seizure of a cow grazing in an open pasture not visible from any public road. See also Whistenant v. State, 50 Ala.App. 182, 278 So.2d 183. Brown and Whistenant should not be interpreted to extend to locked storehouses even though the storehouse is not considered part of the curtilage.

■ We need not, however, concern ourselves with Alabama and Mississippi law or the conflicts of law rule[3] in such instance, if this search was unlawful under the Fourth Amendment of the United States Constitution; for the mandates of the Fourth Amendment apply in all the states of the Union.

In Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L. Ed. 374; Amos v. United States, 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319; and See v. City of Seattle, 387 U.S. 541, 87 S. Ct. 1737, 18 L.Ed.2d 943, the United States Supreme Court repudiated the distinction between residence premises and business premises; thus, giving Fourth Amendment protection to property non-residential. We see no Fourth Amendment distinction between city commercial warehouses and rural farm storehouses.

■ The police officers testified that after the appellant was under arrest they used his keys to gain entrance to the farm and also to the locked storehouse where the air conditioners were found. The record is otherwise silent as to the circumstances under which the keys were obtained from appellant. The law will not presume a waiver of a constitutional right from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. Courts indulge every presumption against the waiver by an accused of his constitu-

1. It is interesting to note that Mississippi has not adopted the open fields doctrine. Barnard v. State, 155 Miss. 390, 124 So. 479.

2. See Louisville & N. R. Co. v. Outlaw, 36 Ala.App. 278, 60 So.2d 367, as to the presumption of the law of a sister state, when such laws are not proved. When common law is resorted to see Entick v. Carrington, 19 St.Tr. 1029, 1067 (1765), for requisites for searching for stolen goods.

3. As to how other jurisdictions have dealt with this conflict of law rule, see People v. Saiken, 49 Ill.2d 504, 275 N.E.2d 381.

tional right against unreasonable searches and seizures. Knox v. State, 42 Ala.App. 578, 172 So.2d 787; Duncan v. State, 278 Ala. 145, 176 So.2d 840. Consent therefore cannot form the basis for this search.

■ Where there is a proper objection to the admission of the fruits of a search the burden is on the State to show that the intrusion was lawful. We have already concluded that a properly issued search warrant was necessary. Since the State failed to meet its burden, the trial judge was in error in admitting the testimony that the stolen air conditioners were found on appellant's premises.

The judgment of conviction is therefore reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.