307 So.2d 710

**James Ralph McDANIEL**

**v.**

**STATE.**

**8 Div. 527.**

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

Rehearing Denied Nov. 26, 1974.

Bryce U. Graham, Tuscumbia, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

ALMON, Judge.

This is an appeal from a conviction for the illegal possession of a controlled substance, to-wit, pethidine, in violation of Tit. 22, §§ 258(25) et seq., Code of Alabama 1940, Recompiled 1958. Appellant was found guilty by a jury and sentenced by the court to four years in the State penitentiary.

On May 7, 1973, at approximately 8:00 P.M. five police officers and one F.B.I. agent entered the premises at 706 Austin Avenue, Sheffield, Alabama. The officials had neither a search warrant nor an arrest warrant. However, a search was conducted of the four apartments within the two-story structure and the grounds immediately surrounding the apartments. During the course of that search, which lasted some thirty to forty-five minutes, the appellant was seen by one of the officers squatting on a balcony contiguous to one of the second-story apartments. The officer, who was at the time outside the house, testified that he observed appellant throw a small brown bottle from the balcony. The bottle was recovered by the officer who, upon noticing therein pills or capsules, gave it to his superior who was inside the house. The latter proceeded immediately to the balcony and placed the appellant under arrest.

A search of appellant incident to that arrest revealed nothing, but a subsequent search at police headquarters during booking procedures produced one additional capsule located in appellant's shirt pocket. Later, chemical analyses by a State toxicologist of nine of the twenty-seven capsules contained in the bottle and the one found in appellant's pocket, revealed they contained pethidine.

At trial, counsel for appellant made a timely motion to suppress the seized capsules on the grounds, inter alia, that no predicate had been laid showing the legality of the search or the legality of the seizure of the fruits of that search. The objection was interposed on numerous occasions throughout the State's case in chief and at the conclusion when appellant moved to exclude the State's evidence. These objections were overruled by the trial judge. Requests by appellant's counsel to argue the merits of his motions to suppress and to exclude outside the presence of the jury were also overruled.

The State argues that the drugs were abandoned and that appellant had no standing to object to their seizure.

The record is devoid of any lawful reason for the law enforcement officers entering the apartment or being on the premises.

In Ingram v. State, 45 Ala.App. 108, 226 So.2d 169, two police officers were riding in an automobile in Birmingham when they noticed four persons seated at a table with approximately four onlookers. The table was twenty to thirty feet from the street between two houses. As the officers approached the defendant took a package from his pants pocket and threw it to the ground. The package contained marihuana.

The "intrusion" in Ingram, supra, was not nearly so grievous as that in the present case.

This Court in reversing Ingram's conviction stated:

"It has been held that an officer may seize and use what he sees in plain view if he is lawfully where he is. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, but not if he is committing a trespass. Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514; Knox v. State, 42 Ala.App. 578, 172 So. 2d 787; Duncan v. State, 278 Ala. 145, 176 So.2d 840.

"There are many cases holding that where narcotics were discarded by the

accused prior to arrest after he had seen the officers it was abandoned property. Burton v. United States, 9 Cir., 272 F.2d 473, cert. denied, 362 U.S. 951, 80 S.Ct. 863, 4 L.Ed.2d 869; Vincent v. United States, 8 Cir., 337 F.2d 891; Maples v. State, supra; Hayes v. State, supra. But we are of opinion this rule, like the 'in plain view' rule, should not be applied where the officer's entry on the premises is without authority or justification. The evidence concerning the package of marijuana should have been suppressed.

"As an invited guest of Hudson, who resided on the premises, the defendant had 'standing' to move to suppress the evidence. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697."

Nothing in the record shows the appellant to be a trespasser.

■ Where there is a proper objection to the admission of the fruits of a search, the burden is on the State to show that the intrusion was lawful. Adair v. State, 53 Ala.App. 251, 298 So.2d 671.

■ The trial court should have granted the motion to suppress.

The judgment is reversed and the cause remanded.

Reversed and remanded.

CATES, P. J., and TYSON and HARRIS, JJ., concur.

DeCARLO, J., concurs in the result.

ON REHEARING

Appellee asserts that we have incorrectly characterized the police officers' conduct at 706 Austin Avenue as a search. We hasten to point out that whether this characterization is correct or not is immaterial to our holding. Accordingly, we will not quibble over the precise definition of a search. The fact remains that the record

before us is totally silent as to why the police were there at all. There was no search warrant. There was no arrest warrant. There was no invitation or consent to enter the premises. There was no evidence of hot pursuit of anyone. There was no evidence of probable cause of any criminal conduct whatsoever in this record. In short, the evidence merely showed that police officers were in and about the premises for some time.

Looking once again to the respective testimony of those officers in the light most favorable to appellee, it is clear that at the very least, one officer remained outside traversing the grounds surrounding the two-story structure; the remaining five, after checking the front porch, entered the front door spreading out through the common hallways on both floors and the stairway connecting them; and each of the four apartments were checked and the occupants therein were identified.

Appellee relies heavily on Hayes v. State, 44 Ala.App. 539, 215 So.2d 604, and Maples v. Statee, 44 Ala.App. 491, 214 So.2d 700, in its contention that constitutional restrictions upon searches and seizures have no application where contraband has been abandoned. In *Maples* the defendant had already been taken into custody on a public street when the narcotics were discarded. In *Hayes* the defendant discarded the narcotics on a public sidewalk while departing the area in front of a closed grocery store at 2:45 A.M. where he had been loitering. These cases, therefore, are distinguishable from the instant case in that there was no illegal intrusion upon private premises and no invasion of defendant's right to privacy. In *Hayes* and *Maples,* supra, the police officers had a right to be where they were —the record before us now is devoid of any evidence tending to legitimate the officers' presence.

Opinion extended. Application overruled.

All the judges concur except DeCARLO, J., concurs in result.