The defendant was charged in a three count indictment with burglary, grand larceny, and buying, receiving and concealing stolen property — a cash register valued at $181.00. Youthful offender treatment was denied on the basis of a report prepared by a probation officer. The eighteen year old defendant waived a trial by jury. After hearing the evidence the trial judge found the defendant guilty "of the offense with which he was charged". Because of a "continued and fairly long record", the defendant was sentenced to ten years' imprisonment.
The only question we are asked to decide on appeal is whether a law enforcement officer was justified in stopping the automobile in which the defendant was riding before he had knowledge that a burglary had been committed.
The facts are uncontradicted. At approximately one o'clock on the morning of February 6, 1978, Donna Ruth McGee was driving in her automobile. At the Shoals Creek Exxon Station she saw a "small dark shadow run around the building and toward the restrooms". She drove to the station but did not see anybody or any damage. Approximately three to five hundred feet from the station and on a side road she observed a red automobile sitting in "a dangerous position". She did not see anyone in this car. Ms. McGee obtained the license tag number and telephoned the Lauderdale County Sheriff's Office.
Dispatcher Billy Hudson of the Sheriff's Office received a call from Ms. McGee at 2:19 A.M. In response to that call, he dispatched a car to the Exxon station.
Deputy Sheriff James Brown immediately responded to the radio dispatch and stopped a car matching the description and tag number given by Ms. McGee. He stated that he "felt that (he) had probable cause to stop the car and find out what they were doing out at that time of the night". He thought that the car looked "suspicious".
 "Well for one thing it fit the description of the car that had been parked on Sky-park Drive. Another, it was going in one direction and turned in another. And while I was following it, they got a little nervous when they realized a patrol was behind it."
* * * * * *
 "They kept looking back and kept fidgeting around, what I call fidgeting; they kept looking back over their shoulders as I was following them." *Page 383 
Deputy Brown stated that his "sole purpose" in stopping the automobile was the communication he received from the base station. This dispatch included the fact that someone had been seen going between the Exxon station and the concession stand. According to Brown, the red car was within a "reasonable walking distance" from the station.
After stopping the car, Deputy Brown had its three occupants get out. The Deputy shined his flashlight in the window and saw a cash box and a cash register in the back seat and a crowbar on the floorboard. After observing these items, he placed the occupants of the car under arrest. Sometime after he had stopped the car he learned that the station had been broken into.
 I
The defendant contends that Deputy Brown had no "probable cause" to stop the automobile because he had no knowledge that the station had been burglarized until after the stop had been made.
The issue raised by the defendant was answered in Terry v.Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889
(1968), wherein it was recognized that
 "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest."
"An investigatory detention may be based upon circumstances falling short of probable cause to arrest." Bagony v. City ofBirmingham, 371 So.2d 80, 81 (Ala.Cr.App. 1979).
Here the facts available to Deputy Brown at the moment he stopped the automobile would warrant in a man of reasonable caution the belief that the action taken was appropriate.Terry, 392 U.S. at 22, 88 S.Ct. at 1880. Officer Brown was "able to point to specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant(ed) that intrusion". Terry, 392 U.S. at 21,88 S.Ct. at 1880.
Under Terry, a stop is permissible "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot". Terry, 392 U.S. at 30, 88 S.Ct. at 1884. Alabama Code 1975, § 15-5-30 authorizes a law enforcement officer "to stop any person abroad in a public place whom he reasonably suspectsis committing, has committed or is about to commit a felony or other public offense" (emphasis added). This "reasonable cause" for a stop and frisk need not be based only on the officer's personal observation. Adams v. Williams, 407 U.S. 143,92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).
Considering the unusual hour of darkness during which the suspicious conduct was observed at the service station, the proximity of the automobile to the station, and the reactions of the occupants of the vehicle in response to the appearance of the Sheriff's car, Deputy Brown took reasonable action in stopping the vehicle. As in Terry, 392 U.S. at 23,88 S.Ct. at 1868, it would have been "poor police work" had Deputy Brown failed to investigate these circumstances further. Generally, on the grounds for a permissible "stop" see W. LaFave, 3 Searchand Seizure § 9.3 (1978).
 II
Here there was no "search" in the Fourth Amendment sense. The observation made by the deputy, even though made with a flashlight, was without the prior physical intrusion present inKinard v. State, 335 So.2d 927 (Ala. 1976), and Rudolph v.State, 371 So.2d 962 (Ala.Cr.App.), cert. denied, Ex parteState ex rel. Atty. Gen., 371 So.2d 965 (Ala. 1979).
 "When the vehicle was parked or was lawfully stopped on the public way, the courts have consistently held that the officer's conduct in illuminating the interior of the automobile (by the use of a flashlight or similar artificial illumination) does not constitute a search." (Citations omitted) LaFave, 2 Search and Seizure 249. *Page 384 
Alabama case law supports this proposition. Powers v. State,49 Ala. App. 690, 692, 275 So.2d 369 (1973); Parks v. State,46 Ala. App. 722, 723, 248 So.2d 761 (1971); Sheridan v. State,43 Ala. App. 239, 241, 187 So.2d 294 (1966).
We have searched the record for error prejudicial to the defendant. Finding none, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.