Appellant was convicted of violating the Alabama Uniform Controlled Substances Act; fined $25,000; and sentenced to ten years' imprisonment.
 I
Appellant contends that the trial court committed reversible error when it failed to grant his motion to suppress; he asserts that his warrantless arrest was improper since there was no probable cause to justify it. This constitutional issue was the principal issue at trial.
Police Officer Bishop testified that on February 21, 1980, he and other officers proceeded to a motel after an informant had told them that an escaped prisoner was in room 204. They were also told that the escapee had drugs. After arresting the individual, the officers asked the motel manager to call them if anyone else came to that room. *Page 434 
Later that evening the police department received a call from the motel informing them that there were two people standing at the door of the room. Officer Bishop testified that as he pulled into the motel he saw two men standing in front of the room. There was some controversy at trial as to which room the men were near. The police officer shouted to them, "Freeze!", the appellant and his companion began to run, and Officer Bishop gave chase. He testified that as he rounded the corner he saw the appellant place a white sack in a garbage can. After the men were caught, Officer Bishop retrieved the white sack from the garbage can and found that it contained a quantity of pills.
The two suspects were then arrested. When asked at trial if the motel had been involved in other drug cases, Officer Bishop stated, "I really don't remember."
Section 15-10-3, Code of Alabama 1975, states:
 "An officer may arrest any person without a warrant, on any day and at any time, for:
 "(1) Any public offense committed or a breach of the peace threatened in his presence;
 (2) When a felony has been committed, though not in his presence, by the person arrested;
 (3) When a felony has been committed and he has reasonable cause to believe that the person arrested committed it;
 (4) When he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or
 (5) On a charge made, upon reasonable cause, that the person arrested has committed a felony."
The "reasonable cause" or "probable cause" standard that must be met before a warrantless arrest can be made has been defined as follows:
 "[R]easonable cause . . . is knowledge of circumstances such as would lead a reasonable man of ordinary caution, acting impartially, reasonably and without prejudice, to believe the person arrested to be guilty." As quoted in Oliver v. State, 385 So.2d 69 (Ala.Cr.App. 1980).
When Officer Bishop arrived at the motel, the appellant and his companion were standing in front of the door to a motel room. Even had the room number not been in issue, proximity to the door of a room where police officers had earlier arrested an escaped jail inmate by itself does not serve as the basis for a "reasonable belief" that those persons near the door had committed a crime. See, Ala. Digest and West's Federal Practice Digest, 2d, Criminal Law, Key No. 63.4 (17).
Neither does the fact that someone tries to run away in and of itself justify a warrantless arrest according to our precedents. Foy v. State, 387 So.2d 321 (Ala.Cr.App. 1980). Flight may be used to establish probable cause only when there are other circumstances tending to show that a felony had been committed. Foy, supra.
Since evidence seized as a result of an unlawful arrest is, of course, inadmissible, Foy, supra, the paper bag and its contents which were retrieved by Officer Bishop from the trash can could not be used as evidence against appellant at trial. It is true that the effect of an illegal stop or arrest may be cured when a defendant voluntarily abandons evidence. UnitedStates v. Beck, 602 F.2d 726 (5th Cir. 1979). However, ". . . for this to occur the abandonment must be truly voluntary . . .," Beck, supra, and it is obvious that appellant threw the paper bag away because he was being chased by police officers.
By statute a peace officer has the authority to stop and question a person for investigatory purposes even though the circumstances that prompted the officer to detain the individual fall short of the probable cause requirement under §15-10-3, Code of Alabama 1975.
The so-called "stop and frisk" statute reads as follows:
 "A sheriff or other officer acting as sheriff, his deputy or any constable, acting *Page 435 
within their respective counties, any marshal, deputy marshal or policeman of any incorporated city or town within the limits of the county or any highway patrolman or state trooper may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and may demand of him his name, address and an explanation of his actions." Ala. Code § 15-5-30 (1975).
In Butler v. State, 380 So.2d 381 (Ala.Cr.App. 1980), this court reiterated the standard established by the United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889 (1967), which held that a stop is permissible "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." Further, the United States Supreme Court has stated that in order for the seizure of an individual to meet fourth amendment requirements, the seizing officer's suspicion that an individual is committing a criminal act must be based on "objective facts." Brown v. Texas,443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979).
Having no choice but to use the standard mandated by the United States Supreme Court under that Court's interpretation of the constitution, we find that the record in this case fails to reveal enough evidence that appellant's behavior could have led an officer to reasonably conclude that criminal activity was being carried out.
Thus, upon consideration of all the factors surrounding appellant's detention and arrest, we hold that the motion to suppress the evidence should have been granted.
 II
The other issue appellant raises on appeal is whether the trial court erred in denying defendant's motion for a view of the courtyard area of the motel. Since the decision in this matter was within the trial court's discretion, and since we find no evidence of abuse of that discretion, this issue is without merit. See Alabama Digest, Criminal Law, Key No. 651 (1), and the cases cited therein.
For the reasons cited in I above, this case is due to be reversed.
REVERSED AND REMANDED.
All the Judges concur.