SAM TAYLOR, Judge.
Appellant Jimmy Lee Hadnot was indicted and convicted for robbery in the first degree of a Southern Pantry store and gasoline station in Prattville, Alabama.
I
Appellant contends that the trial court erred in denying his motion to exclude items of evidence on the grounds that they were seized as a result of an illegal arrest. Section 15-10-3, Code of Alabama 1975, states, “An officer may arrest any person without a warrant, on any day and at any time, ... (3) when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it....”
Reasonable cause has been defined as “knowledge of circumstances such as would lead a reasonable man of ordinary caution, acting impartially, reasonably and without prejudice, to believe the person arrested to be guilty.” Swicegood v. State, 448 So.2d 433 (Ala.Crim.App.1983), citing Oliver v. State, 385 So.2d 69 (Ala.Crim. App.1980).
Officer Howard Rogers, the arresting officer, was at the police station when the robbery was reported. Mrs. Shirley Gandy, the cashier at Southern Pantry, called to say that the store had been robbed and that Jimmy Lee Hadnot was the person who committed the robbery. She testified at trial that appellant had been in the store many times before the robbery and that she recognized him. She also said she knew him from his voice and the portion of his face that she could see through the slit in his pillowcase mask. From this evidence, we find that the police had sufficient knowledge from a credible source to believe that appellant committed the robbery. Therefore, the arrest was valid. Thomas v. State, 50 Ala.App. 277, 278 So.2d 230 (1973).
II
Appellant next asserts that the trial court erred in denying his motion to suppress the evidence because he was not sufficiently warned of his right to remain silent. There is conflicting evidence as to whether the appellant was warned of all *1342 his Miranda rights. Officer Rogers testified at an earlier time on this issue. This testimony, although transcribed, did not become part of the record in this case. He testified at trial that he informed the appellant of his Miranda rights. The court found that the appellant was sufficiently apprised of his Miranda rights to overcome the presumption of involuntariness of his statements and acts thereafter. The decision of the trial court on such an issue, where there is any evidence to support it, should not be disturbed unless palpably wrong. We find no error here.
Ill
Appellant next contends that the court erred in denying his motion to suppress where there was no evidence that the appellant waived his right to remain silent. The record reflects that at the hearing out of the presence of the jury in this case, once there was testimony as -to the appellant’s having been advised of his Miranda rights, the hearing stopped at that point. Testimony adduced at the earlier proceeding was not introduced in this proceeding and is not present in the record. We cannot determine from the evidence whether the appellant waived his right to remain silent. This aspect of the problem was not specifically addressed at trial. The burden is on the state to overcome the presumption of involuntariness. We conclude that this case must be remanded to the trial court for an evidentiary hearing on the issue of whether or not the appellant, after being informed of his Miranda rights, knowingly, intelligently and voluntarily waived those rights. The trial judge should make written findings of fact on this issue and return same together with the transcript to this court.
Accordingly, this cause is remanded with directions.
REMANDED WITH DIRECTIONS.
All the Judges concur.