Joe L. Harrell was convicted of possession of marijuana and possession of phencyclidine. He was sentenced to 25 years' imprisonment and given fines totaling $26,500. The Habitual Felony Offender Act was applied with reference to his imprisonment.
Officer Adams of the Mobile Police Department was on routine patrol in the Trinity Garden District on August 28, 1983, when he observed a group of men standing around on a street corner. He talked to one man in that group and then left, going south on Katie Street to look for Joe Harrell, also known as "Little Joe." Officer Adams first saw Harrell standing near his car on Katie Street, but Harrell left and started walking down a path. Officer Adams shouted, "Hey, Joe," but Harrell kept going. Adams circled the block to Lincoln Street, knowing that the path emerged at that point. Arriving at Lincoln Street, Adams observed Harrell trying to get into the front door of a house. Then he started to go around the house and Officer Adams pulled his revolver and stopped him. Adams then observed an article in Harrell's hand, which appeared to be wrapped in white tissue and which Harrell tried to throw when he finally stopped. After checking Harrell for weapons, Officer Adams retrieved the tissue paper object, which he observed to probably be illicit drugs. A narcotics officer was called and the article was turned over to him. Adams advised Harrell of his rights and arrested him. Officer Adams testified that the neighborhood is one known for trafficking in different types of drugs.
On appeal, Harrell contends that the trial court committed reversible error when it denied his motion to exclude evidence of the drugs. He contends that the officer had no probable cause to question him at the time he was stopped. In his brief, the appellant relies upon Dennis v. State, 40 Ala. App. 182,111 So.2d 21 (1959); in which the court reversed a trial court ruling refusing to exclude evidence of contraband on the person of the accused, where the officers had no warrant and no knowledge that the defendant possessed any contraband, the defendant had committed no misdemeanor in their presence, and the officers had no probable cause to believe that he had committed any felony. The court in that case held that the chase, capture, search, and arrest of the accused were therefore unlawful and could not be justified by facts ascertained after the arrest of the accused. *Page 652 
In Ingram v. State, 45 Ala. App. 108, 226 So.2d 169 (1969), cited in brief by Harrell, two Birmingham vice policemen, riding in a car looking for gamblers, saw some people seated at a table between two houses, with onlookers. As they approached the group, they saw the defendant take a package wrapped in a paper napkin out of his trousers and throw it to the ground. They determined the package to contain marijuana and arrested Ingram for possession. At trial, the officer testified that he did not know that there was gambling actually taking place as they approached the table, nor did he stop the car to make an arrest for anything he observed. He did not see sufficient evidence of gambling to make an arrest for that offense and he did not have a warrant for the arrest of any of the individuals nor for a search of the premises. The court in that case, quoting Schook v. United States, 337 F.2d 563 (8th Cir. 1964) stated:
 "`Reasonable grounds for suspicion when accompanied by facts or circumstances strong enough to justify a reasonably cautious man to believe the guilt of the suspect, suffice to constitute probable cause necessary for arrest without warrant,' and . . . a police officer who is only attempting to routinely question persons under suspicious circumstances to ascertain their identity and actions is executing permissible police procedure to safeguard the community against criminal activity and is not making an arrest."
The court held, however, that the search could not be justified upon probable cause or as incident to a lawful arrest and therefore held that the evidence of the narcotics was due to be suppressed.
The United States Supreme Court has placed clear restrictions upon the authority of police officers in these circumstances. In Butler v. State, 380 So.2d 381 (Ala.Cr.App. 1980), our court recited the controlling authority of the United States Supreme Court as set forth in Terry v. Ohio, 392 U.S. 1, at 30,88 S.Ct. 1868, at 1884, 20 L.Ed.2d 889 (1967), which stated that a stop is permissible "where a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." The Supreme Court has stated that in order for seizure of an individual to pass muster with the 4th amendment to the United States Constitution, the seizing officer's suspicion that an individual is committing a criminal act must be based on "objective facts." Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637,61 L.Ed.2d 357 (1979).
Section 15-10-3, Code of Alabama 1975, states:
 "An officer may arrest any person without a warrant, on any day and at any time, for:
 (1) Any public offense committed or a breach of the peace threatened in his presence;
 (2) When a felony has been committed, though not in his presence, by the person arrested;
 (3) When a felony has been committed and he has reasonable cause to believe that the person arrested committed it;
 (4) Where he has reasonable cause to believe that the person arrested has committed a felony, although it may afterward appear that a felony had not in fact been committed; or
 (5) On a charge made, upon reasonable cause, that the person arrested has committed a felony."
Reasonable cause has been defined by this court in Oliver v.State, 385 So.2d 69 (Ala.Cr.App. 1980), as "knowledge of circumstances such as would lead a reasonable man of ordinary caution, acting impartially, reasonably and without prejudice, to believe the person arrested to be guilty," quoting prior cases of our Supreme Court.
In this case, observation of Harrell walking down a path or trying to get into a door, or trying to walk around the side of a house, in itself does not serve as a basis for a "reasonable belief" that he had committed a crime. The fact that someone tries to run away does not in and of itself justify a warrantless arrest according to the Alabama cases. Foy v.State, *Page 653 387 So.2d 321 (Ala.Cr.App. 1980). If there are other circumstances tending to show that a felony has been committed, then, however, the fact of flight may be used to establish probable cause. Foy, supra.
In a case factually similar to this, Swicegood v. State,448 So.2d 433 (Ala.Cr.App. 1983), officers were advised that some persons had been observed in proximity to a motel room where an earlier arrest had been effected. Approaching the motel room, officers observed two men standing at the door of the room in question, or at the next door. The officers ordered them to freeze and the suspects began to run. As the officers gave chase, they observed the appellant in that case throw a white sack into a garbage can. After the men were caught, the white sack was determined to contain a quantity of controlled substances.
By statute a police officer has the authority to stop and question a person for investigatory purposes although the circumstances fall short of the probable cause requirement of §15-10-3, Code of Alabama 1975. The stop and frisk statute, §15-5-30, Code of Alabama 1975, states:
 "A sheriff or other officer acting as sheriff, his deputy or any constable, acting within their respective counties, any marshal, deputy marshal or policeman of any incorporated city or town within the limits of the county or any highway patrolman or state trooper may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and may demand of him his name, address and an explanation of his actions."
As we said in the Swicegood case:
 "Having no choice but to use the standard mandated by the United States Supreme Court under that Court's interpretation of the constitution, we find that the record in this case fails to reveal enough evidence that appellant's behavior could have led an officer to reasonably conclude that criminal activity was being carried out.
 "Thus, upon consideration of all the factors surrounding appellant's detention and arrest, we hold that the motion to suppress the evidence should have been granted." 448 So.2d 435.
For the reasons cited above, we are obliged to, and do hereby, reverse the judgment of the circuit court and render judgment for the defendant.
REVERSED AND RENDERED.
All the Judges concur.